UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FELIX IGNACIO, | ) | CASE NO.: 1:07CV2000 |
| aka IGNACIO FELIX, | ) | |
| aka IGNACIO FELIX AYALA | ) | |
| aka FELIX AYALA IGNACIO | ) | JUDGE JOHN ADAMS |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner's pro se Motion pursuant to 28 U.S.C. § 2255 to correct his sentence. Petitioner is currently confined at the California City Correctional Institution in California City, California. For the reasons that follow, the Court summarily dismisses Petitioner's motion.

**FACTUAL AND PROCEDURAL HISTORY**

Pursuant to a plea agreement, Petitioner pled guilty to one count of conspiracy to possess with the intent to distribute and distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a), and 21 U.S.C. § 846. On November 2, 2006, the Court sentenced Petitioner to 51 months in prison followed by three years' supervised release.

Petitioner now seeks reduction of his sentence by means of a two-point departure for acceptance of the final deportation order, which Petitioner contends was authorized by a memorandum from the Attorney General. Further, he contends that his Fifth Amendment Due Process rights and his and Fourteenth Amendment Equal Protection

rights are being violated because, as a deportable alien, he is not eligible for the privileges given to a citizen, such as sentence reductions and post-release programs. Notably, his complaint is apparently identical to several complaints in other circuits, and raises the same issues based upon the same purported Attorney General's Memorandum. See, e.g., *United States v. Briones-Celis*, 2007 U.S. Dist. LEXIS 34105 (D. Ariz. 2007); *United States v. Ortiz-Pereyda*, 2007 U.S. Dist. LEXIS 59734 (D. Or. 2007).

## STANDARD

Under Rule 4(B) of the *Rules Governing Section 2255 Proceedings*, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  In such an instance, the district court is not required to hold a hearing or to require a response from the government.  See 28 U.S.C. § 2255; *United States v. Thomas*, 291 F.2d 478, 480 (6th Cir. 1961).

## ANALYSIS

The Sixth Circuit has held that "'plea-agreement waivers of § 2255 rights are generally enforceable[.]'"  *Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006), quoting *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001).  Based upon the Sixth Circuit's finding that a criminal defendant can waive his § 2255 rights, and for the reasons set forth in the decision of the District Court for the District of Arizona in *Briones-Celis*, this Court finds that Petitioner waived his right to raise a collateral attack on his sentence.  *Briones-Celis*, 2007 U.S. Dist. LEXIS 34105. Petitioner has not challenged the effectiveness of counsel or the voluntariness of the waiver, and the plea agreement between Petitioner and the government expressly states as follows:

>Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  The defendant expressly waives those rights except as reserved below. Defendant reserves the right to appeal:  (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines [.]"

Because Petitioner expressly waived his right to appeal or to bring a collateral attack on his sentence, and the Court accepted his plea as being voluntarily made, the Court now finds that Petitioner's attempt to bring a collateral attack must be dismissed.

IT IS SO ORDERED.


DATED:  October 24, 2007                      _____s/ John R. Adams_____
                                              United States District Judge